REC'D by_____D.C.

AUG 1 2 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MANUEL L. MATIENZO,                    **CASE No. 10-22021-CIV-HUCK/O'SULLIVAN**

     Plaintiff,

vs.

MIRAGE YACHT, LLC,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS[1]

Defendant Mirage Yacht, LLC ("Mirage Yacht"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), hereby files this Motion to Dismiss directed at the Complaint filed by the Plaintiff, Manuel L. Matienzo ("Matienzo"), and in support thereof states as follows:

### ARGUMENT

**I.**    **Generally Standards For Dismissal**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint or part thereof for "failure to state a claim upon which relief may be granted." A complaint is subject to dismissal under Rule 12(b)(6) where it is clear that plaintiff cannot prove any set of facts that would support the claims alleged in the complaint. *Next Century Communications Corp. v. Ellis*, 318 F.3d 1023, 1024 (11th Cir. 2003).

In disposing of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Courts are generally obliged to accept the allegations set forth in a complaint or counterclaim as true. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 3 (1989). However, only well-pled

---

[1] This Motion seeks dismissal of Counts II-IV of the Complaint. It should be noted that Count V ultimately seeks relief against an unserved and un-named Co-Defendant and is therefore inapplicable to Mirage Yacht.

facts and reasonable inferences drawn therefrom are accepted as true. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Ellis*, 318 F.3d at 1024; *see also Oxford Asset Management v. Jaharis*, 297 F.2d 1182, 1188 (11th Cir. 2002); (same); *South Florida Water Management District v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996) (same).

In order to avert dismissal, a complaint must contain sufficient factual allegations "to give the defendant[s] fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 Ed.L.2d 80 (1957); *see also Aquatherm Industries, Inc. v. Florida Power & Light Co.*, 145 F.3d 1258, 1261 (11th Cir. 1998) (same); *Lombard's, Inc. v. Prince Manufacturing, Inc.*, 753 F.2d 974, 975 (11th Cir. 1985) (same). "[A] complaint will be dismissed as insufficient where the allegations it contains are vague. . . ." *Fullman v. Graddick*, 733 F.2d 553, 556-57 (11th Cir. 1984).

Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashford v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In the event the complaint proffers "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim, there is a "plausible" ground for recovery and thus a Rule 12(b)(6) motion to dismiss should be denied. *Twombly*, 550 U.S. at 556.

II.    **Counts II & III Of The Complaint For Fraudulent Inducement And Negligent Misrepresentation Are Insufficient As A Matter Of Law And Must Be Dismissed**

To prove actionable misrepresentation under Florida law, "it must be shown that (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." *Baggett v. Electricians Local 915*, 620 So.2d 784, 786 (Fla. 2d DCA 1993). Counts II & III of the Complaint must be dismissed because Plaintiff has failed to properly state a claim for intentional or negligent misrepresentation under the applicable law.

A.    **Counts II & III Must Be Dismissed Because Fraud Has Not Been Pled With The Requisite Particularity**

Unlike the relaxed pleading requirements contained in Rule 8, Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading requirement by mandating that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgm't Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)(quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

The Eleventh Circuit has held that in order to satisfy the requirements of Rule 9(b), a complaint must set forth "(1) *precisely* what statements were made in what documents or oral representations or what omissions were made, and (2) the *time and place* of each such statement and the person responsible for making (or in the case of omissions, not making), same, and (3)

3

the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1371 (11th Cir. 1997) (emphasis added). Dismissal of Counts II and III is warranted in this case because the Plaintiff has run afoul of the strictures of Rule 9(b).

First, a perusal of Matienzo's Complaint reveals that the lone allegation regarding any misrepresentation purportedly made in this case consists of a statement made by the Principal of Mirage Yacht that "Mirage Yacht had the capability, experience, and ability to build the 61' Sports Fisherman Motor Vessel sought by the Plaintiff" (the "Alleged Misrepresentation"). Complaint at ¶7. Rule 9(b) has been violated because Matienzo has failed to set forth in his Complaint "*precisely* what statements" were made, as required by the Eleventh Circuit. The Alleged Misrepresentation is not precise at all, but instead is general, vague and imprecise. Nothing is advanced specifically precisely detailing what was purportedly stated as far of the specific claims of experience and ability allegedly made.

Second, Matienzo's Complaint violates Rule 9(b) by failing to include the requisite allegations as to the time and place the Alleged Misrepresentation was made. Matienzo's violations of Rule 9(b) requires the dismissal of Count II & III of the Complaint, although Plaintiff "is entitled to one chance to amend the [C]omplaint and bring it into compliance with the rule." *Cooper v. Blue Cross & Blue Shield of Fla. Inc.*, 19 F.3d 562 (11th Cir. 1994).

**B.    Counts II & III Must Be Dismissed Because The Four Corners Of The Complaint Establish That Matienzo Did Not And Could Not Have Reasonably Or Justifiably Relied On The Alleged Misrepresentation**

A review of Contracts attached by Matienzo as exhibits to the Complaint reveals that they contain the following provision:

4

> This document and the terms contained herein form the complete and exclusive statement of the parties' agreement and supersedes all prior understandings, transactions and communications, either oral or written, with respect to the sale of the above-described yacht.... No agent, employee, or representative of the dealer has any authority to bind manufacturer to any affirmation, representation or warranty concerning this Yacht sold under agreement. Unless an affirmation, representation or warranty made by an agent, employee or representative is specifically stated in this written agreement, it has formed a formed a part of the basis of the bargain and shall be void and unenforceable against the manufacturer.

Dismissal is warranted because this provision negates any possibility that Plaintiff reasonably or justifiably relied on the Alleged Misrepresentation.

To state a cause of action for fraud under Florida law, a plaintiff must allege in the complaint that he <u>reasonably</u> or <u>justifiably</u> relied on the purported fraudulent misrepresentations. *Avila South Condomium Association v. Kappa Corporation et al.*, 347 So.2d 599, 604 (Fla. 1976) ("It is also unnecessary, in alleging fraud in the inducement, for the plaintiff to plead that he was 'precluded' from discovering the truth as to the misrepresented facts, so long as the complaint <u>alleges reasonable reliance</u> on material representations of existing fact.") (emphasis added); *Peninsular Florida District Council v. Pan American Investment and Development Corp.*, 450 So.2d 1231, 1232 (Fla. 4th DCA 1984)(same); *see also, e.g., Fote v. Reitano*, 46 So.2d 891, 892 (Fla. 1950) ("[S]ince reliance upon a false representation is an essential element of the plaintiff's cause of action, the plaintiffs must prove that they <u>were justified in relying</u> upon the false representation, that they did rely upon the false representation, and that they acted upon it to their injury. In measuring <u>the right to rely</u> upon such representation, it has been said that every person must use reasonable diligence for his own protection.")(emphasis added); *Baggett v. Electricians Local 915*, 620 So.2d 784, 786 (Fla. 2d DCA 1993) ("To prove negligent

misrepresentation, it must be shown that ... injury resulted to a party acting in <u>justifiable reliance</u> upon the misrepresentation)(emphasis added); *Roberts v. Riviera*, 458 So.2d 786, 788-89 (Fla. 5th DCA 1984) (buyers must show they "<u>reasonably relied</u>") (emphasis added); *Butts v. Drastrem*, 349 So.2d 1205, 1206-07 (Fla. 1st DCA 1977) (plaintiff asserting fraud claim pursuant to Florida common law is required to show "that he was <u>justified in relying</u> upon the truth of the statement")(emphasis added); *First Union Brokerage v. Milos*, 717 F.Supp. 1519, 1524-1525 (S.D. Fla. 1989).

On more than one occasion, the Florida Supreme Court has held that the issue of whether an actionable fraud has been committed turns on whether the plaintiff can be said to have had the right to rely on the purported misrepresentation in light of the surrounding circumstances:

> Misrepresentation amounting to fraud that will invalidate a contract must be made by one contracting party to another in reference to a matter affecting the contract. The person to whom it is made must not only believe the false representation to be true, but must be situated to what is represented that he, at the time, has the right to rely upon the truth of the representation.... When dehors a contract, a false representation cannot be said to have induced its making, when it was so made as to carry on its face no right on the part of anyone to rely on its credence.

*Morris v. Ingraffa*, 18 So. 1, 3 (Fla. 1944)(quoting *Columbus Hotel Corp. v. Hotel Mgm't Co.*, 156 So. 893, 901 (Fla. 1934)). Dismissal is warranted in this case because, not only has Matienzo failed to allege reasonable or justifiable reliance, any such allegation would necessarily be negated by the provision in the underlying Contracts signed by Matienzo, whereby he agreed that he was not relying on, and had no right to rely on any prior representations made to him in connection with the transaction which were not specifically and expressly delineated and included in the Contracts themselves.

C.    **Dismissal Is Warranted Because The Alleged Misrepresentation Covers Matters Of Opinion Rather Than Material Fact**

Actionable misrepresentation under Florida law requires as its essential predicate a "misrepresentation of material fact". *Baggett*, 620 So.2d at 786.  Counts II and III of the Complaint are properly dismissed because the Alleged Misrepresentation advanced by Matienzo as the sole basis of those Counts constitutes a non-actionable statement of opinion rather than an actionable misrepresentation of material fact.

"It is, of course, well settled in Florida that in order to be actionable a fraudulent misrepresentation must be of a material fact, rather than a mere opinion or misrepresentation of law." *Chino Electric, Inc. v. U.S. Fidelity & Guaranty*, 578 So.2d 320, 323 (Fla. 3d DCA 1991); *see also Hart v. Marbury*, 90 So. 173, 176 (Fla. 1921) ("A mere statement of opinion, belief, or expectation ... is not such a false representation as to constitute fraud."); *Travelodge Internat'l, Inc. v. Easterns Inns, Inc.*, 382 So.2d 789 (Fla. 1st DCA 1980)("Statements which are tantamount to an estimate of opinion are not actionable unless the party making the representations does so with an intent to prevent the party relying thereon from making an independent investigation of the facts."). "The underlying rationale for this rule is that in a commercial society such as ours, people, with some exceptions, are generally expected to deal at arms' length with one another- which means that in the normal business transaction a person should not rely on such ephemeral matters as an opposing party's opinions, judgments, or legal views, but instead should rely on more substantial matters, namely the opposing party's representations of fact which are material to the transaction." *Chino Electric*, 578 So.2d at 323 (citing *Prosser and Keeton on the Law of Torts* § 109, at 755, 759 (5th ed. 1984)).

The Alleged Misrepresentation in this case, that Mirage Yacht "had the capability, experience, and ability to build the 61' Sports Fisherman Motor Vessel sought by the Plaintiff", falls squarely into the category of non-actionable opinion, rather than actionable misrepresentation of material fact. The mere fact that Plaintiff is unsatisfied with the quality of the work done in this case, or the expediency of Defendants' efforts, does not and cannot transmogrify subjective opinion into misrepresentation of material fact.

### D.      Dismissal Is Warranted Because A Fraud Claim May Not Be Permissibly Pursued Under The Circumstances

Where the damages being sought in a tort claim are the same as those arising from an alleged breach of the underlying contract, a plaintiff may not circumvent the contractual relationship by seeking to recover what are essentially breach of contract damages in a tort action. *See, e.g., Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490, 494 (Fla. 3d DCA 1994) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort."); *Huie v. Dent & Cook, P.A.*, 635 So.2d 111, 113 (Fla. 2d DCA 1994) ("[A] fraud claim may not be pursued if its damages merely duplicate the damages recoverable for breach of a related contract."). Counts II & III are properly dismissed in this case because the compensatory damages sought by Plaintiff in connection with his fraud claims are identical to, and duplicative of, the damages sought in Count I of the Complaint for breach of contract.

### II.     Counts IV Of The Complaint Must Be Dismissed Because It Fails To Properly State A Claim For Conversion Under Florida Law

A conversion occurs when a person who has a right to possession of property demands its return and the demand is not honored. *See Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490, 500 (Fla. 3d DCA 1994) (quoting *Shelby Mutual Ins. v. Crain Press*, 481 So.2d 501, 503

(Fla. 2d DCA 1985)); *Senfeld v. Bank of Nova Scotia Trust Co.*, 450 So.2d 1157, 1161 (Fla. 3d DCA 1984).   Although Matinezo alleges in the Complaint that Mirage Yacht converted a $28,035 check purportedly advanced by Matienzo by using the funds other than for the specific purpose for which they were advanced, nowhere in the Complaint does Matienzo allege that he ever demanded that Defendant return the proceeds in question, or that Defendant failed to comply with his demand.   "[D]emand is an essential element in any claim for conversion and the failure to make such a demand or [affirmatively] allege the futility of doing so is fatal [to a conversion claim]." *Ginsberg*, 645 So.2d at 500; *see also Douglas v. Brahan Porsche Audi, Inc.*, 451 So.2d 1038, 1039 (Fla. 3d DCA 1984) ("The claim for conversion [of the deposit] fails as a matter of law [because] [t]here was never a demand for return of the deposit....").

WHEREFORE, Plaintiff Mirage Yacht respectfully requests that this Honorable Court enter an Order dismissing Counts II-IV of the Complaint and awarding any such further relief as the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 12th day of August, 2010 via facsimile and U.S. mail on Scott A. Wagner, Esq., Moore & Co., P.A., 355 Alhambra Circle, Suite 1100, Coral Gales, Florida 33134.

MANUEL LOPEZ & ASSOCIATES, P.A.
Attorneys for Defendant
770 Ponce De Leon Boulevard, P.H. Suite
Coral Gables, Florida 33134
Telephone 305/213-7300
Facsimile 305/446-9411

Manuel R. Lopez
Fla. Bar No. 990396

9